UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REGINA A. DUKE, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner for Operations, )<br>Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 1:18-CV-285-JD-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Regina A. Duke, and Plaintiff's Opening Brief [DE 19], filed February 22, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 29, 2019, the Commissioner filed a response, and on April 12, 2019, Plaintiff filed a reply.

On December 11, 2018, Judge Jon E. DeGuilio entered an Order [DE 10] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the decision of the Administrative Law Judge be affirmed.

**I.      Background**

On July 25, 2014, Plaintiff filed an application for benefits alleging disability beginning May 30, 2012. On February 20, 2017, a hearing was held before Administrative Law Judge ("ALJ")

1

Stephanie Katich, who entered an unfavorable decision. The Appeals Council vacated the ALJ's decision and remanded for further proceedings. On December 7, 2017, ALJ Katich held a second hearing at which Plaintiff, Plaintiff's attorney, Plaintiff's husband, and a vocational expert ("VE") testified. On February 28, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant last met insured status requirements of the Social Security Act on September 30, 2014.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 30, 2012, through her date last insured of September 30, 2014.

3. Through the date last insured, the claimant had the following severe impairments: bilateral knee osteoarthritis and obesity.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps or stairs and she could occasionally balance, stoop, kneel, crouch, and crawl.

6. Through the date last insured, the claimant was capable of performing past relevant work as a photocopy machine operator. This is generally and actually performed at the light level of exertion. She was also capable of performing her past relevant work as a claims processor. This is skilled work generally performed at the sedentary exertional level, and the claimant performed it at the sedentary exertional level. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 30, 2012, the alleged onset date, through September 30, 2014, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final

decision of the Commissioner.

## II.  Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir.

3

1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.    Analysis

Plaintiff argues that the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the

4

physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. David Pepple, her treating physician. Dr. Pepple's opinion, dated November 16, 2015, stated that since Plaintiff's alleged onset date of May 30, 2012, she had not been able to perform "any amount of substantial work activity" due to degenerative arthritis in her knees. It stated that during that time, Plaintiff could not lift and carry more than five pounds, and could stand for less than an hour and sit for less than two hours in an eight-hour day. In support of the opinion, Dr. Pepple referred generally to x-ray reports and his clinical notes.

The ALJ granted "little weight" to Dr. Pepple's opinion, and provided multiple reasons for that decision. First, the ALJ stated that neither the clinical findings in the record nor the doctor's own notes supported such extreme limitations. The record documents the following clinical findings relating to Plaintiff's knees: On May 20, 2012, an x-ray revealed "mild tricompartmental osteoarthritis." On June 9, 2014, Dr. Pepple diagnosed degenerative arthritis, and referred her to Dr. Jason Hanna, an orthopedic physician. On August 14, 2014, Dr. Hanna's report indicated that Plaintiff had right knee pain "since May of [2014]." The pain improved with sitting and rest, but was exacerbated by walking, standing, and stairs, and "occasionally reach[ed] 4 out of 10." The report

5

indicated that Plaintiff had received multiple injections and was prescribed physical therapy. Plaintiff continued to receive occasional injections in her knee from May 2014 through the date of Dr. Pepple's opinion. None of those medical records, nor the treatment notes, supported a finding that Plaintiff was unable to work between May 30, 2012 and September 30, 2014. Plaintiff criticizes the ALJ for concluding that Plaintiff was able to work based on "a single x-ray out of years of knee treatment." But it was Dr. Pepple who stated that the clinical findings in support of his opinion consisted of "x-ray reports attached (with office notes)." The x-rays and notes did not support Dr. Pepple's conclusion, and the ALJ correctly noted that his opinion was not supported by the medical record.

The ALJ also noted that Plaintiff's work history was inconsistent with Dr. Pepple's opinion. Between May 30, 2012, the alleged onset date, and June 25, 2014, Plaintiff worked in day care, sometimes for eight hours, other days for three to four hours. Plaintiff testified that her duties included rocking, lifting, and changing children. This contradicted Dr. Pepple's opinion that Plaintiff could not lift and carry five pounds and could not perform "any substantial amount of sustained work activity" during that time. Although Plaintiff testified that she left her job on June 25, 2014 because of knee pain, the only relevant medical record between that date and the date last insured was the report of the orthopedist, Dr. Hanna, which indicated that Plaintiff's pain reached no more than "4 out of 10." An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician, or when the treating physician's opinion is internally inconsistent, as long as she "minimally articulates" her reasons for crediting or rejecting evidence of disability. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008); *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (quotations and citations omitted). The ALJ therefore provided the required

6

"sound explanation" for her decision to give Dr. Pepple's opinion little weight. *Punzio*, 630 F.3d at 710.

The ALJ's discussion of the regulatory factors listed in 20 C.F.R. § 404.1527(c) could have been more fulsome. In particular, the ALJ did not explicitly comment on the length and frequency of Dr. Pepple's treatment of Plaintiff. However, the ALJ cited and discussed Dr. Pepple's notes in detail, and her discussion of those notes makes clear that she considered how often Plaintiff saw him. *See Retzloff v. Colvin*, 673 F. App'x 561, 567 (7th Cir. 2016) (finding that an ALJ's failure to explicitly list the factors in § 404.1527(c) was "harmless, as the ALJ did discuss the relevant points, even if not by name"); *see also Kittelson v. Astrue*, 362 F. App'x 553, 557 (7th Cir. 2010) (affirming denial of benefits where the ALJ considered but did not "specifically discuss" required regulatory factors, "but his summary of [the claimant's] medical record reflects that he was aware of and considered them, so any error in not highlighting them was harmless"). Because the ALJ's opinion was appropriately supported by the record, her error does not require remand. *See McKinzey v. Astrue,* 641 F.3d 884, 892 (7th Cir. 2011) ("[A]dministrative error may be harmless: we will not remand a case . . . where we are convinced that the ALJ will reach the same result.").

**IV.   Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DENY** the relief requested in Plaintiff's Opening Brief [DE 19] and **AFFIRM** the decision of the Commissioner.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with

7

a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 13th day of June, 2019.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record