UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REGINA E. DUKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-285 JD |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff Regina Duke appeals the Commissioner's decision to deny disability benefits. She filed this action on September 11, 2018. [DE 1] On December 11, 2018, the Court referred the case to Magistrate Judge John Martin for a report and recommendation, pursuant to General Order 2018-14A, 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b). [DE 10] After receiving the parties' briefs, Magistrate Judge Martin issued his report and recommendation on June 13, 2019, recommending that the Court deny the relief sought by Ms. Duke's opening brief and affirm the Commissioner's decision. [DE 25] To date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

1

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected-to portions for clear error. *Id*. In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen (14) days of being served with a copy of the same, and the Magistrate Judge alerted the parties to these requirements in his filing. [DE 25 at 7-8] More than fourteen days have passed since the parties were served with Magistrate Judge Martin's report and recommendation and no party has filed an objection. Consequently, the Court considers there to be no objections to it.

Having reviewed the report and recommendation, the Court finds no clear error therein. At the administrative level, the ALJ determined that Ms. Duke suffered from severe bilateral knee osteoarthritis and obesity, but that she nonetheless had the capacity to perform light work, with some limitations, from the date of alleged onset (May 30, 2012) through the date of last insured (September 30, 2014). On appeal before this Court, Ms. Duke only challenges whether the ALJ improperly assigned "little weight" to the November 16, 2015, opinions of Ms. Duke's treating physician, Dr. David Pepple. (R. 23-24; 503-04). The Magistrate Judge found that the ALJ did not, and the Court agrees.

On November 16, 2015, Dr. Pepple completed a form to reflect his opinions that, as of May 30, 2012, Ms. Duke's severe degenerative arthritis of the knees prevented her from "perform[ing] any substantial amount of sustained work activity at any time." (R. 503). He further opined that, since that date, she could: lift only zero to five pounds either occasionally or frequently; stand and/or walk less than one hour and sit less than two hours of an eight-hour workday; and never push/pull with her feet, climb, balance, stoop, knee, crouch, or crawl. *Id.* When prompted on the form to cite clinical or lab findings that support his arthritis diagnosis, Dr. Pepple simply stated: "X-ray reports attached (with office notes)." (R. 504). He did not cite to any specific findings.

As outlined in the Magistrate Judge's report and recommendation, the ALJ assigned Dr. Pepple's opinions little weight for several reasons. For one, the ALJ noted that Dr. Pepple's report documented no clinical findings—either his own or those of another physician—from the relevant period suggesting that Ms. Duke could not work during that time. To support his opinion, for example, Dr. Pepple cited generally to an x-ray report; presumably he was referring to the x-ray examination conducted on May 30, 2012. (R. 479).[1] But that examination, as the ALJ pointed out, revealed only *mild* tricompartmental osteoarthritis in Ms. Duke's knees, *id.*, *not* the "severe" degenerative arthritis that the November 2015 report represents was present at that time. And, as the ALJ further noted, even when a subsequent August 2014 x-ray revealed moderate-to-severe tricompartmental degenerative changes and a right knee effusion, Ms. Duke's orthopedic specialist, Dr. Jason Hanna, reported that Ms. Duke had only been experiencing right knee pain since May 2014, and that her pain level only "*occasionally* reached

---

[1] The record contains only two x-ray reports from the relevant time period, dated May 30, 2012, and August 14, 2014.

3

4 out of 10." (R. 507-08) (emphasis added). It was not error for the ALJ to discount Dr. Pepple's opinion based on these inconsistencies.

Furthermore, Dr. Pepple's assertions that Ms. Duke could not lift more than five pounds and could never stoop following May 30, 2012, were flatly belied by Ms. Duke's own hearing testimony. As the Magistrate Judge discussed, Ms. Duke testified to working part time at a daycare center for two years after her alleged onset date, stating that her job involved "a lot of bending, stooping, picking up children, putting children down …." (R. 84). She also stated that while working at the daycare center, she would lift fifty-pound children without difficulty. (R. 87-88). Although Ms. Duke eventually left this job due to pain in her lower extremities, that does not negate the fact she herself stated that she could indeed both stoop and lift well over five pounds after May 30, 2012, contradicting Dr. Pepple's opinions. Similarly, regarding Dr. Pepple's opinion that Ms. Duke could not balance following May 30, 2012, the ALJ noted that Ms. Duke did not report using a cane until 2014 (R. 52) and that Dr. Pepple himself did not even prescribe a cane for her until August 2016 (R. 541), long after the date by which he opined that she could not balance on her own. (R. 23).

"A treating physician's opinion about the nature and severity of the claimant's impairment is normally given controlling weight so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is consistent with substantial evidence in the record." *Moss v. Astrue*, 555 F.3d 556, 560 (7th Cir. 2009) (quoting *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008)). The ALJ need only "minimally articulate" her reasoning for discounting a treating physician's opinions, and as the Magistrate Judge properly concluded, the ALJ met that burden here based on the analysis detailed above.

Lastly, as for Ms. Duke's criticism that the ALJ failed to take her long-term treatment with Dr. Pepple into account before discounting his opinions, the Magistrate Judge correctly observed that the ALJ's detailed discussion of Dr. Pepple's notes throughout her opinion makes clear that she considered Ms. Duke's entire course of treatment with this physician. Indeed, the ALJ's opinion refers to and incorporates Dr. Pepple's treatment notes dating as far back as March 2011, as well as several treatment notes from 2012 to 2014. (R. 18, 22). *See Retzloff v. Colvin*, 673 F. App'x 561, 567-68 (7th Cir. 2016) (finding that ALJ's failure to list the factors to be considered when evaluating opinion evidence, including length of treatment, was "harmless, as the ALJ did discuss the relevant points, even if not by name."); *see also Kittelson v. Astrue*, 362 F. App'x 553, 557 (7th Cir. 2010) (holding that ALJ did not fail to take regulatory factors into account where his summary of claimant's medical record reflected that he was aware of and considered them).

Overall, this Court does not come away from the Magistrate Judge's findings with any such "definite and firm conviction that a mistake has been made" that would signal clear error. *Weeks*, 126 F.3d at 943. And so, for all these reasons, the Court **ADOPTS** the report in its entirety and incorporates the Magistrate Judge's recommendations into this Order. Accordingly, the Court **DENIES** the relief sought in Ms. Duke's opening brief [DE 19] and **AFFIRMS** the Commissioner's finding that Ms. Duke was not disabled during the relevant time period. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED: July 10, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court